| | |
|---|---|
| CHRISTOPHER LEE,               ) | |
|                      ) | |
|        Plaintiff,        ) | |
|                      ) | |
|        v.              ) | |
|                      ) | |
| TOWN OF MOORESVILLE, NORTH  ) | **DEFENDANTS' REPLY IN SUPPORT** |
| CAROLINA; CHIEF RON        ) | **OF THEIR MOTION TO DISMISS** |
| CAMPURCIANI, in his official and  ) | |
| individual capacities, TRACEY JEROME,  ) | |
| in her official and individual capacities;  ) | |
| CHRIS CARNEY, in his individual    ) | |
| capacity, and CHRIS QUINN, in his  ) | |
| individual capacity, | |
|                       | |
|        Defendants. | |

NOW COME Defendants Town of Mooresville, Chief Ron Campurciani, Tracey Jerome, Chris Carney, and Chris Quinn (collectively, "Defendants"), by and through undersigned counsel, and respectfully submit this Reply in support of Defendants' Motion to Dismiss. Defendants address only matters newly raised by Plaintiff's Response to Defendants' Motion to Dismiss in Lieu of an Answer and will explain why Defendants' Motion to Dismiss should be granted.

## **ARGUMENT**

### I. **Plaintiff has Failed to Adequately Plead Individual Capacity Claims Against Defendants Carney, Campurciani, or Quinn.**

Despite Plaintiff's conclusory arguments that he has sufficiently pled individual involvement by Defendants Carney, Campurciani, and Quinn, he has neither cited to nor pled any discussion, decision, or action taken by any of the three identified individuals which

amounted to a violation of his Constitutional rights. Plaintiff's Response reads much like his Complaint and argues that because the three individuals were in positions that held authority, it can be inferred they are somehow responsible for Plaintiff's alleged constitutional violations. The failure to plead actual facts in support of his conclusions of improper conduct dooms Plaintiff's individual capacity claims under Rule 8 and *Iqbal/Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff relies upon pleadings that Mayor Carney had a motive to retaliate against him to support individual capacity claims against him. Simply because Mayor Carney was the subject of the alleged sensitive information, Plaintiff believes liability is established. Defendants are unaware of any legal authority supporting such a contention. In his Response, Plaintiff unknowingly acknowledges a lack of any good faith basis to pursue a claim against Mayor Carney by arguing discovery is the place to prove Carney's communications, influence, or participation. (D.E. 9). Such an approach is reckless and should not be rewarded where Plaintiff is unaware of any facts to support a party's involvement. *See In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990) ("The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis."); *See In re Kunstler*, 914 F.2d at 515 (Holding that reliance on discovery to obtain additional facts is appropriate, but the use of discovery to support claims without factual basis could constitute an abuse of the judicial process).

Plaintiff argues Chief Campurciani faces individual liability based upon his authority, his participation in decisions regarding the video evidence, and "supported actions targeting custodians of the evidence." (D.E. 9). The authority inherent in a Police Chief should not and does not give rise to an individual capacity Constitutional violation without further facts pled in support. Further, Plaintiff's Constitutional claims are based upon his rights and whether his

2

4897-8278-7504, v. 1

rights were violated, not how evidence was allegedly handled by the Town.  If the best Plaintiff can offer to support his argument for individual liability against Chief Campurciani is that he supported actions targeting Plaintiff, clearly, insufficient facts have been pled to establish individual liability.

Plaintiff's claims against Defendant Quinn are similarly unsupported by allegations of fact.  There is one paragraph in Plaintiff's 234 paragraph Complaint that states Defendant Quinn was in a position of authority and was involved in decisions that violated Plaintiff's rights. (D.E. 1, ¶ 49).  No allegation of individual involvement is alleged anywhere in Plaintiff's Complaint.

## II. Plaintiff has Failed to State a First Amendment Claim.

### a. Plaintiff has not Engaged in Protected Speech.

The "Supreme Court has instructed us to engage in a 'practical' inquiry into the employee's 'daily professional activities' to discern whether the speech at issue occurred in the normal course of those ordinary duties." *Hunter v Town of Mocksville*, 789 F.3d 389, 397 (4th cir. 2015) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 422, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)).  "The critical question … is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Garcetti*, 547 U.S. at 424.

Plaintiff argues in his Response that the Complaint "does far more" than allege that he insisted on performing his job duties. (D.E. 8).  Plaintiff then points to allegations that he refused requests never made to him and insisted that evidence and public records be handled appropriately. (*Id.*).  Plaintiff's Complaint alleges his position required him to oversee how evidence was stored and whether policies were followed. (D.E. 1 ¶ 5).  Plaintiff specifically alleges "Consistent with his professional, ethical, and legal duties, Plaintiff insisted that the

4897-8278-7504, v. 1

surveillance footage, access-control logs, alarm records, dispatch artifacts, and associated metadata be preserved intact; retained pursuant to Town policy and established retention settings…" (D.E. 1 ¶ 18). By Plaintiff's own explicit admission, his insistence that footage be preserved is exactly the type of conduct that falls "ordinarily within the scope of [his] duties." *Garcetti,* 547 U.S. at 424. In other words, according to Plaintiff's own allegations, he had an affirmative duty to do exactly what he claims he did.

### b. Plaintiff Fails to Plead Causation.

Plaintiff does not refute Defendants' assertions that he fails to plead he was ever instructed to conceal or delete evidence. (D.E. 8). Practically speaking, Plaintiff should not be allowed to effectively create his own protected speech by claiming he insisted on the Town following policies, despite no one telling him to do otherwise. More importantly, a causal connection cannot be inferred between alleged adverse employment action and alleged protected speech where the Town never gave any indication of any kind they had issue with Plaintiff's alleged conduct. Plaintiff characterizes his conduct as "protected refusals", however, he has failed to plead any request from Defendants necessitating a refusal.

Notably, Plaintiff fails to plead his "speech" was the but-for cause of the alleged employment actions.

### III. Plaintiff has no Property Interest in his Employment.

"In assessing a procedural due process claim, unless there has been a deprivation of a protected liberty or property interest by state action, the question of what process is required is irrelevant, for the constitutional right to due process is simply not implicated." *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 146 (4th Cir. 2009); *see also Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 564 (1972) (procedural

4

4897-8278-7504, v. 1

safeguards encompassed by the due process clause extend to the plaintiff's continued employment only if she had a property interest in that employment.).

Plaintiff's Response fails to substantively respond to the argument that Plaintiff has failed to sufficiently plead a property interest in his employment. "[A] property interest in employment can be created by statute, ordinance, or express or implied contract," and "the sufficiency of the claim of entitlement must be decided by reference to state law." *Pittman v. Wilson Cnty.*, 839 F.2d 225, 227 (4th Cir. 1988). Plaintiff neither argues nor alleges he is a contract employee. Plaintiff has similarly failed to allege an property interest created by ordinance or statute. The Court in *Pittman* concluded that "absent evidence that this resolution was passed with the formality required for the enactment of an ordinance, we must conclude that it was not," and consequently, found the plaintiff could not establish she had a legitimate property interest in her continued employment. *Id*. at 229; *see also Hurtt v. Town of Hope Mills*, No. 5:21-CV-348-FL, 2022 WL 2032287, at *5 (E.D.N.C. 2022) ("plaintiff does not allege that the town's employment policies or procedures were 'enacted with the requisite formality and intent under North Carolina law' to make them 'sufficiently analogous to a statute or ordinance to create a property interest.'").

### IV. Plaintiff's Liberty Interest Claim Fails.

#### a. Plaintiff has Failed to Satisfy the Publication Requirement.

Plaintiff's argument that accusations were placed in records likely to be accessed or disclosed is speculative and contradicted by explicit law. The alleged stigmatizing information is contained in materials which are required to remain confidential and cannot be disclosed in connection with background checks, reference inquiries, or future employment opportunities without subjecting the Town to criminal liability. N.C.G.S. § 160A-168(e) and (f). *See also Hodge v. Jones*, 31 F.3d 157, 165 (4th Cir. 1994) (finding that stigma could not attach where

4897-8278-7504, v. 1

statements were located in an investigation report and where there were confidentiality provisions protecting the report); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487-88 (4th Cir. 1992) (noting that a remote possibility of disclosure of confidential records does not constitute a privacy violation under a constitutional analysis).

### b. Plaintiff has Failed to Plead Facts to Support Involuntary Termination.

Plaintiff argues in his Response that his Complaint "alleges termination and/or forced separation through a termination-threatened process." (D.E. 8). Where an employee resigns "of his own free will even though prompted to do so by events set in motion by his employer, he relinquished his property interest voluntarily and thus cannot establish that the state 'deprived' him of it within the meaning of the due process clause." *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167, 173 (4th Cir. 1988) (citing *Martinez v. California*, 444 U.S. 277, 281, 100 S.Ct. 553, 557, 62 L.Ed.2d 481 (1980)). A resignation may be involuntary if:

> on the totality of circumstances it appears that the employer's conduct in requesting resignation effectively deprived the employee of free choice in the matter. Factors to be considered are (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation.

*Stone*, 855 F.2d at 174 (citation omitted). Plaintiff does not allege specific facts surrounding the alleged threat of termination, when it occurred, or how it occurred. Rather, Plaintiff has just alleged in conclusory fashion that he was forced from his position because of unwarranted investigations, discipline, removal or reduction of authority, and isolation from personnel and information. (D.E. 1 ¶ 159). Courts have repeatedly rejected attempts to transform such circumstances into constructive discharge merely because resignation was a difficult option. *See Pitt v. U.S.*, 420 F.2d 1028, 1033(Ct. Cl. 1970) (resignation was not involuntary where the

6

4897-8278-7504, v. 1

alternative was criminal charges); *Christie v. U.S.*, 518 F.2d 584, 587(Ct. Cl. 1975) ("The fact remains, plaintiff *had a choice*. She could stand pat and fight").

**V. Individual Defendants are Entitled to Qualified Immunity.**

Plaintiff argues the First Amendment right at issue which is clearly established is that a public employee shall be free from retaliation for speech on matters of public concern such as speech exposing official misconduct, corruption, or governmental integrity concerns. This is not the First Amendment right at issue for Plaintiff. Plaintiff does not allege he exposed official misconduct, corruption, or expressed integrity concerns. He alleges he engaged in protected activity when "he refused to participate in the suppression, concealment, misclassification, restriction of access to, or obstruction of municipal" evidence and instead insisted that the evidence "be preserved and handled consistent with Town policy and lawful process." (D.E. 1 ¶ 43). Plaintiff has neither argued nor cited to any legal authority establishing a clearly established First Amendment right to refuse to participate in conduct not asked to engage in.

Defendants otherwise rely upon the arguments made in the Memorandum of Law in Support of their Motion to Dismiss.

**VI. Plaintiff has Failed to Plead *Monell* Liability.**

Plaintiff argues the issue whether "evidence ultimately proves custom, ratification, policymaker action, or deliberate indifference is not a Rule 12 issue." (D.E. 9). This attitude permeates throughout Plaintiff's Response. Plaintiff's Complaint is filled with recitations of the elements required to establish each of the causes of action brought, but is devoid of fact in support of those allegations. Plaintiff does not get to recite elements of a cause of action and claim they exist without any allegation of fact in support, then argue discovery is the place to determine whether his claims actually contain any factual support. See *Iqbal,* 556 U.S. at 678

7

4897-8278-7504, v. 1

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Tickles v. Johnson*, 805 Fed.Appx. 204, 208 (4th Cir. 2020) ("Insofar as Appellant is unaware of adequate facts to support a plausible claim for relief, his inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal.").

### a. Policy, Custom, or Practice

Plaintiff argues in his Response that he has alleged a custom or practice of the Town to treat politically damaging evidence as a scandal to be contained rather than be preserved and to retaliate against employees who insist on evidentiary integrity. (D.E. 9). Like the Complaint, Plaintiff's Response fails to identify any other act aside from the one that is the subject of this lawsuit to support the conclusory allegation of an existing custom or practice. Plaintiff seemingly attempts to rely upon the fact that Jeffrey Noble and Frank Falzone have filed similar complaints to support his claim of a custom or practice. Again, those claims arise out of the same incident and same facts alleged in this claim.

"[P]roof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom." *Semple v. City of Moundsville*, 195 F.3d 708, 713–14 (4th Cir. 1999) (citation omitted); *see also Howard v. City of Durham*, 68 F.4th 934, 954 (4th Cir. 2023) ("[b]ut fatally to his claim, Howard offers evidence of only a single incident of unconstitutional activity: the incident in this very case. And 'proof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom'") (citing *Semple*, 195 F.3d at 713–14). Rather, there must be "numerous particular instances of unconstitutional conduct to establish a custom or practice." *Misjuns v. City of Lynchburg*, 139 F.4th 378, 386 (4th Cir. 2025) ("[t]he only facts that Misjuns alleged are regarding his own

4897-8278-7504, v. 1

termination, and a custom cannot be established by proof alone of the single violation charged.... Misjuns has alleged none other than his own experience.").

Three different Plaintiffs filing lawsuits with the same causes of action based upon the same incident does not constitute more than a single incident.

### b. Final Policy Maker

Plaintiff misunderstands the standard required to establish final policy maker liability under *Monell*. Plaintiff argues the Town's policies, charter, ordinances, are not before the Court so the Court must rely on Plaintiff's allegations. That is incorrect.

"The question of who possesses final policymaking authority is one of state law." *Riddick v. Sch. Bd.*, 238 F.3d 518, 523 (4th Cir. 2000) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). To determine who does possess final policymaking authority, Courts "must look to the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law." *Id*. Courts may never "assum[e] that municipal policymaking authority lies somewhere other than where the applicable law purports to put it," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988). Pursuant to N.C.G.S. § 160A-164:

> The council may adopt or provide for rules and regulations or ordinances concerning but not limited to annual leave, sick leave, special leave with full pay or with partial pay supplementing workers' compensation payments for employees injured in accidents arising out of and in the course of employment, hours of employment, holidays, working conditions, service award and incentive award programs, *other personnel policies*, and any other measures that promote the hiring and retention of capable, diligent, and honest career employees.

(emphasis added).

The power to adopt for rules and regulations concerning personnel matters, which is the matter that forms the basis of Plaintiff's *Monell* claim, is with the Town council, not the police

4897-8278-7504, v. 1

chief or Town Manager. See *Pembaur*, 475 U.S. at 483 n.12, (the majority explained that if municipal employment policy was set by the Board, only that body's decisions would provide a basis for municipal liability, even if an individual possessed the discretion to hire and fire employees). Plaintiff has failed to sufficiently plead facts to show how or why that authority lies with the Town Manager or Police Chief rather than Town Council.

### c. Failure to Train

Plaintiff's Response fails to address Defendants' lack of notice or causation arguments. Moreover, "[a]t its core, the strict *Monell* test asks for some level of notice." *Estate of Jones by Jones v. City of Martinsburg, West Virginia*, 961 F.3d 661, 672 (4th Cir. 2020). There can be no liability found under *Monell* because there is no deficiency in training to "reflect a deliberate or conscious choice by a municipality …" *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000). Plaintiff has alleged no facts and has presented no arguments to suggest the Town was on notice of the alleged training deficiencies. Absent such allegations, there can be no finding of deliberate indifference to train.

Furthermore, the alleged deficient training has no bearing on Plaintiff's claimed constitutional violations. In his Response, Plaintiff argues he sufficiently pled deliberate indifference towards training related to constitutional retaliation, preservation, evidence custodianship, and politically sensitive handling. (D.E. 1 ¶¶ 209-12). Any failure to train as it pertains to evidence preservation, custodianship of evidence, and the handling of sensitive information has no bearing on the constitutional claims. A failure to preserve evidence or properly handle sensitive information does not give rise to any constitutional violation being claimed by Plaintiff. The alleged training deficiency "must be closely related to the ultimate injury," meaning it must cause the injury. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 391, 109

4897-8278-7504, v. 1

S.Ct. 1197, 103 L.ed2d 412 (1989). Plaintiff's Complaint otherwise just states the Town was deliberately indifferent in providing training on the constitutional limits on retaliation. (D.E. 1 ¶ 209). Plaintiff must do more than simply state the Town was deliberately indifferent in training and that it caused the violation, Plaintiff has provided no allegations of fact to support his conclusory claim.

**VII.**     **Intracorporate Conspiracy Doctrine Bars Plaintiff's Conspiracy Claim.**

Plaintiff argues in his Response the intracorporate conspiracy doctrine should not apply because he has alleged a politically motivated course of conduct outside legitimate municipal purposes to suppress and retaliate. (D.E. 9). The exceptions to the intracorporate conspiracy doctrine include where a defendant possesses a personal stake independent of his relationship to the entity, *ePlus Tech, Inc. v. Aboud,* 313 F.3d 166, 179 (4th Cir. 2002), or where the alleged acts fall outside the scope of authorized employment. *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985). However, the "personal stake exception" only applies where the alleged co-conspirator "possesses a personal stake independent of his relationship to the corporation." *Aboud*, 313 F. 3d at 179 (citing *Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696, 705 (4th Cir. 1991)). Plaintiff does not plausibly allege either. Instead, Plaintiff's Complaint alleges the "conspiracy was motivated by Defendants' shared interest in protecting Town leadership." (D.E. 1 ¶ 216). Plaintiff's Complaint contains no allegation actions were taken outside the scope of authorized employment. As such, the exceptions are not applicable and Plaintiff's conspiracy claim is barred.

**VIII.**     **Plaintiff's Declaratory and Injunctive Relief Claim Should be Dismissed.**

A request for injunctive relief is not a cause of action, it is a type of remedy. *ee Eli Research, Inc. v. United Commc'ns Grp., LLC*, 312 F.Supp.2d 748, 764 (M.D.N.C. 2004); *Fare*

4897-8278-7504, v. 1

*Deals, Ltd. v. World Choice Travel.Com, Inc.*, 180 F.Supp.2d 678, 682 n.1 (D. Md. 2001) ("[A]
request for injunctive relief does not constitute an independent cause of action; rather, the
injunction is merely the remedy sought for the legal wrongs alleged ....").

**IX.      Plaintiff has not Sufficiently Pled Ongoing Injury Under § 1983.**

Where a Plaintiff is seeking injunctive relief, "official-capacity actions for prospective
relief are not treated as actions against the State." *Singh v. University of North Carolina at
Chapel Hill*, 659 F.Supp.3d 659, 678 (M.D.N.C. 2023) (citing *Ex parte Young*, 209 U.S. 123, 28
S.Ct. 441, 52 L.Ed. 714 (1908)).  "Under *Ex parte Young*, private citizens may sue state officials
in their official capacities in federal court to obtain prospective relief from ongoing violations of
federal law." *Allen v. Cooper*, 895 F.3d 337, 354 (4th Cir. 2018).  The Fourth Circuit "has held
that this exception 'does not apply when the alleged violation of federal law occurred entirely in
the past.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 747 (4th Cir. 2018) (quoting
*DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999).

Plaintiff's Complaint fails to plead any ongoing violation of federal law.  In his
Response, Plaintiff argues he has requested prospective remedies such as correction of personnel
records, preservation of evidence, and implementation of a name-clearing hearing. (D.E. 9).
Plainly, a request for preservation of evidence implicates no federal right under § 1983.
Correction of personnel records and a name-clearing hearing implicate Fourteenth Amendment
due process rights.  However, for the reasons noted above, Plaintiff has failed to plead a property
interest in his employment and has similarly failed to plead publication of any stigmatizing
statements to trigger a liberty interest in his employment.  For those reasons, Plaintiff has not
carried his burden of establishing an ongoing violation of federal law, and is thus the *Ex part
Young* exception does not apply.

4897-8278-7504, v. 1

**CONCLUSION**

WHEREFORE, Defendants respectfully request that their Motion to Dismiss be GRANTED and that each of Plaintiff's claims be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).

This 3rd day of June, 2026.

CRANFILL SUMNER LLP

BY:   /s/ *Jake W. Stewart*
Jake W. Stewart, NC Bar #51157
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com

4897-8278-7504, v. 1

# CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding the Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 3rd day of June, 2026.

CRANFILL SUMNER LLP


BY:    /s/ *Jake W. Stewart*
Jake W. Stewart, NC Bar #51157
*Attorney for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com

4897-8278-7504, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has this day electronically filed the foregoing ***REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

C. Christopher Adkins
Adkins Law, PLLC
9620 Sherrill Estates Road
Huntersville, NC 28078
Telephone: (704) 274-5677
Facsimile: (877) 208-7577
Emails: chris@huntersvillelawyer.com
*Attorney for Plaintiff*

Christerfer R. Purkey
Rech Law, P.C.
18125 W. Catawba Avenue
Cornelius, NC 28031
Telephone: (704) 228-2790
Facsimile: (704) 909-7410
Email: cpurkey@rechlaw.com
*Attorney for Plaintiff*

This the 3rd day of June, 2026.

        **CRANFILL SUMNER LLP**

BY:   /s/ *Jake W. Stewart*
       Jake W. Stewart, NC Bar #51157
       *Attorney for Defendants*
       P.O. Box 30787
       Charlotte, NC 28230
       Telephone (704) 332-8300
       Facsimile (704) 332-9994
       jstewart@cshlaw.com

4897-8278-7504, v. 1